UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LILA STEPHENS, INDIVIDUALLY<br>AND ALL THOSE SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO.: 07-3243 |
| RIMKUS CONSULTING GROUP, INC.<br>OF LOUISIANA, ET AL | SECTION "T"(5) |

## ORDER AND REASONS

Before the Court are Defendants' Motion to Dismiss the Amended Complaint and Motion to Strike.  Rec. Docs. 29, 30.  Plaintiff filed an Opposition to the Motions.  Rec. Doc. 38.  The matter came for hearing with oral argument on February 27, 2008, and was taken under submission. The Court, having considered the arguments of the parties, the Court record, and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.     BACKGROUND**

The named plaintiff, Lila Stephens, brought this action as a purported class action alleging that she and others similarly situated suffered damages after Hurricanes Katrina and Rita allegedly due to Rimkus Consulting Group, Inc. of Louisiana and Rimkus Consulting Group, Inc. (collectively, "Rimkus") engaging in a scheme whereby its Hurricane Damage Evaluations systematically and unreasonably shifted the "damage" on the plaintiffs' property from wind to damage caused by flood. Plaintiff alleges that her insurers knew of this fact.

Defendants filed a Motion to Dismiss the Original Complaint which was granted as to all claims other than fraud.  *See* Rec. Doc. 20.  Plaintiff was given leave to amend her complaint to allege fraud allegations.  The Complaint was amended, Rec. Doc. 25, and the instant Motion to Dismiss followed.  Rec. Doc. 28.

**II.    LAW AND ANALYSIS**

### A.     FRCP 12(B)(6) STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). The Fifth Circuit has pointed out the proper inquiry on a Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery*, 117 F.3d at 247, *citing* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

### B.     FRCP 9(B) STANDARD

FRCP 9(b) requires that "all averments of fraud... and the circumstances constituting fraud shall be pled with particularity." It is not required that the plaintiff specifically allege the legal theory of fraud, only that he "allege with particularity the defendant's acts which the plaintiff contends amount to fraud." *Unimobil 84 Inc. v. Spurney*, 797 F.2d 214, 216 (5th Cir.1986). Alleging the acts with "particularity" means disclosing such matters as "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Franz v. Iolab, Inc., a div. or subsidiary of Johnson & Johnson, Inc.*, 801 F.Supp. 1537, 1541 -1542 (E.D.La.1992) *citing* 5 Wright and Miller, Federal Practice and Procedure, § 1297, p. 590 (1990).

### C.     COURT'S ANALYSIS

Plaintiff argues that the following allegations in the Amended Complaint are sufficient to plead fraud:

17.

Inasmuch as the Defendants Rimkus are outcome oriented, the Hurricane Damage Evaluation reports were not intended to be fair, objective, or truthful, thus denying Plaintiffs full and complete indemnification from their insurers because of the Defendants Rimkus' fraudulent conduct and false reports.

21.

The Defendants Rimkus knew that its report was fraudulent.

24.

Furthermore, the Defendants Rimkus wrote their fraudulent report based at least in part on its Hurricane Damage Evaluation Manual, a manual regarding which Rimkus engineer Craig Rogers testified does not exist.

27.

The Defendants Rimkus intentionally induced Plaintiffs' insurers to breach the duties owed to Plaintiffs and thus its contract, by issuing a fraudulent report.

28.

The Defendants Rimkus had/has no legal justification for issuing its fraudulent report.

29.

The Defendants Rimkus' fraudulent report caused Plaintiffs' damages because Plaintiffs' insurer(s) relied upon the Defendant Rimkus' report in denying Plaintiffs' claim(s).

30.

The damages suffered by Plaintiff Lila Stephens and all other

> similarly situated class members were proximately caused by the Defendants Rimkus' fraudulent reports.
>
> 37.
>
> There is a well defined community of interest in the questions of law and fact among the representative plaintiff and the Class Members. Questions of law and fact common to the Members of the aforesaid Class predominate over any questions which may affect only individual Members, in that Defendants have acted in a manner generally applicable to the entire Class. Among the questions of law and fact common to the Class are:
> …
>
> b. Whether the Defendants Rimkus engaged in a scheme involving the production of fraudulent reports that deprive Plaintiffs' indemnification benefits.

In the *Franz* case *supra*, the issue was whether the Plaintiffs had sufficiently pled a fraud in the context of fraudulent inducing someone to enter into or stay in an at will employment relationship. Judge Clement found that the plaintiffs had sufficiently met the time and place requirements of the alleged misrepresentation by alleging they were "assured that their employment was secure" at a meeting called shortly after defendant's buyout. The plaintiffs also alleged that they were nonetheless terminated. The complaints also described what defendant gained by the alleged fraud, alleging that defendant used the plaintiffs to capture a portion of their former employer's market share (defendant bought the company) after leading the plaintiffs to believe their jobs were secure. Thus, although the complaints did not specifically allege fraud, they did describe the act that the plaintiffs contended amount to fraud: that defendant, at meeting shortly after they were hired, led the plaintiffs to believe that their jobs were secure. *Franz*, 801 F.Supp. at 1541 -1542.

In *Smith v. Rimkus Consulting Group, Inc*., 2006 WL 2620636 (S.D. Miss 2006), Judge

Senter found that the following allegations were sufficient to state fraud against Rimkus:

> Plaintiffs allege that Rimkus, Bell ... and Heifner intentionally and maliciously altered Ken Overstreet's December 20, 2005, engineering report to falsely indicate storm surge was the cause of loss, when in fact Ken Overstreet found and opined that wind was the cause of loss and structural damage to your Plaintiffs' home.
>
> Plaintiffs allege that as a result of the Defendants' joint fraudulent conduct, they have been damaged in that CGI and Meritplan have refused to pay and indemnify them for their extensive and serious casualty losses as required under policy number MH0 1101664.
>
> Plaintiffs allege they have been denied additional Living expenses due under policy number MH01101664 as a direct consequence of the Defendants' fraudulent conduct and false reports.
>
> Plaintiffs allege they have expended a sum in excess of $150,000 .00 out of their personal savings to repair their house, and that their repairs were only partial repairs, not complete, full and final repairs. Plaintiffs allege that Defendants Rimkus, Bell, ... and Heifner acted with malice, and intentionally acted to defraud them, necessitating an award of compensatory damages for all policy benefits due under policy number MH0 1101664, attorney's fees and punitive damages to the fullest extent allowed by Miss.Code Ann. § 11-1-65.
>
> Plaintiffs further allege that they have suffered emotional stress and mental anguish as a direct and proximate result of the Defendants' fraudulent conduct, and demand that Rimkus, Bell, ... and Heifner should fully and fairly compensate them for these items of damage.

The Complaint identified Bell as "the individual in charge and control of the Mississippi district for Rimkus and has a paramount authority to approve any and all corporate decisions for the Rimkus Mississippi district...." It was further alleged that Bell "individually conspired with Heifner ... and other Rimkus employees to commit the wrongful, improper and fraudulent acts complained of...." Heifner was alleged as the professional engineer whose signature appears on the January 20, 2006, report. Defendant Overstreet's name was on that document as well. Judge Senter found that Plaintiffs set forth the minimum required particularities, usually framed in terms of the who, what,

when, where, and how of the alleged fraud, in sufficient detail for the defendants to be able to respond. *Smith,* 2006 Wl 2620636 at *3.

Comparing the allegations made in Plaintiff's Amended Complaint to those made in the *Smith* and *Franz* cases, the allegations do not allege the requisite specifics of the who, what, when, where, and how of the alleged fraud of Rimkus. At oral argument, counsel for the Plaintiff announced that the fraud is the Rimkus report rendered and Rimkus providing allegedly fraudulent reports to get business from the insruance companies. Like Plaitniff's Amended Complaint, these allegations are all conclusory and do not meet the "particularity" requirements by disclosing such matters as "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *See Franz,* 801 F.Supp. at 1541 -1542. Further, the amended complaint is void of any false or intentional misrepresentations made by Rimkus to the Plaintiff. Plaintiff needs more than conclusions of fraudulent activity to support her claim. Despite being giving the opportunity amend, Plaintiff has not adequately pled a fraud claim. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

Turning to the Motion to Strike, at oral argument, Plaintiff's counsel conceded that the only claims he raises in the Amended Complaint are those related to fraud. He advised the Court that the reason he reiterated allegations made in the Original Complaint was not to restate claims that have been dismissed, but rather to provide a complete factual picture. Due to counsel's representation to the Court, the Motion to Strike is **GRANTED** insofar as it attempts to raise claims for general negligence against Rimkus and a claim for breach of a duty owed by Rimkus to this Plaintiff.

For the reasons stated herein,

**IT IS ORDERED** that the Defendant's Motion to Dismiss, Rec. Doc. 28, is **GRANTED.**

**IT IS ORDERED** that the Defendant's Motion to Strike, Rec. Doc. 42, is **GRANTED** and any negligence, breach of duty or any claim other than negligence is hereby **STRICKEN** from the amended complaint.

New Orleans, Louisiana, 3rd day of March, 2008.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**